# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

RAJ BAINS, an individual, and ) No. 76515-9-I
LAW OFFICES OF RAJ BAINS, )
a Professional Services Corporation, )
)
      Respondents, )
) DIVISION ONE
      v. )
)
MARK TAYLOR, ) UNPUBLISHED OPINION
)
      Appellant. ) FILED: December 24, 2018
)

MANN, A.C.J. — In an action for contempt of a court order, the order must be strictly construed in favor of the contemnor and the contemnor's acts must constitute a plain violation of the order. Mark Taylor appeals an order of contempt finding that he intentionally violated a court order approving a settlement agreement reached in litigation with Raj Bains and the Law Offices of Raj Bains (Bains). Because the trial court erred in concluding that Taylor violated the court order, we reverse. We also reverse the trial court's award of attorney fees and costs to Bain and remand for an award of attorney fees to Taylor for the underlying litigation and this appeal.

I.

Raj Bains practices family law in King County. Until October 2011 Bains's then wife, Elizabeth, was the business manager for Bain's law office. In April 2011, Elizabeth contracted with Taylor to create a website for Bains's law firm. The domain name, bainslawoffice.com, was purchased by Bains in 2004 with the intent of creating a website, bainslawoffice.com, for his firm. In September 2011, Bains discovered that Elizabeth and Taylor were having an affair and fired Taylor. Bains and Elizabeth dissolved their marriage by decree in January 2014. The website bainslawoffice.com was never completed.

In March 2014 Taylor purchased the domain name bainslawoffice.com. Taylor then created a separate website linked by a different domain name where he posted information about Bains's divorce proceedings, his prior misdemeanor conviction, his address, a Guardian ad Litem report that included a psychological evaluation, and other information. Taylor posted similar information on a website with a domain name that was one letter different then Bains's law firm website. Taylor also engaged in other harassing behavior.

Bains filed a lawsuit against Taylor alleging several causes of action including that Taylor tortuously interfered with his business by infiltrating his website. Bains obtained a temporary restraining order preventing Taylor from posting information about him on the internet. The trial court then partially granted Bains's motion for a preliminary judgment after finding that Taylor "engaged in a pattern of surveilling, harassing, and vexing Plaintiff." The court also found "the Defendant's intent in every

action he has taken with Plaintiff has been to injure Plaintiff in some way—whether legally, emotionally, or mentally."

After settlement negotiations, on February 5, 2016, the parties entered into a CR 2(A) settlement agreement incorporating language from the preliminary injunction order as well as a separate agreement and release. An agreed final order was entered by the King County Superior Court on May 23, 2016, imposing conditions on the parties and incorporating the CR 2(A) agreement.

The agreed final order included the condition:

> Mark Taylor, or anyone working on behalf of Defendant Mark Taylor, shall not activate, update or otherwise post, any information about Plaintiff Raj Bains on a website that deceives the public into thinking that it is a website owned by, operated by, or endorsed by Plaintiff Raj Bains or any business he operates, including the Bains Law Office. This includes, but is not limited to, the websites bainslawoffice.com, bainslawoffices.com, bainslawfirm.com, and any derivations thereof.

Seven months later, on December 15, 2016, Bains discovered that his law firm's Google listing was changed from his website bainslawfirm.com to bainslawoffice.com. He also discovered that the domain name bainslawoffice.com was directed to attorneyrajbainssuspension.com, a website created by Taylor that include detailed information about Bains's suspension from law practice, his previous divorce, and other negative information about Bains.

On January 9, 2017, Bains filed and served a motion for order to show cause for contempt of the agreed final order.

On January 13, 2017, Taylor's counsel e-mailed Bains's counsel and notified him that the settlement agreement required advanced written notice of a complained breach before a court filing. Taylor's counsel instructed Bains to strike the motion and provide

written notice of the complaint. Bains's counsel responded that the motion served as written notice, and stated they would strike the show cause hearing if Taylor agreed to "cease and desist using bainslawoffice.com to direct traffic to his website about all things Raj Bains." Taylor declined to discontinue his use of the domain name bainslawoffice.com to direct to the website attorneyrajbainssuspension.com. Bains proceeded with the contempt motion.

At the February 3, 2017, show cause hearing, Taylor denied having changed the website associated with Bains Law Firm's Google listing and argued that directing the domain name bainslawoffice.com to the website attorneyrajbainssuspension.com was not a violation of the agreed final order.

On February 17, 2017, the trial court issued an order of contempt. The court's order concluded that Taylor "intentionally disobeyed the Agreed Court Order dated May 23, 2016 and is in contempt." Pursuant to the CR 2(A) agreement, the trial court awarded Bains his attorney fees and court costs in the amount of $1,335. The trial court further sanctioned Taylor $100 for each day from the date of the contempt order that he continued to violate the agreed final order. In order to comply, Taylor needed to "cease and terminate bainslawoffice.com to be associated with redirect to attorneyrajbainsuspension.com."

Taylor appeals.

II.

Taylor argues that the trial court erred in concluding that he intentionally violated the agreed final order. We agree.

-4-

## A.

Contempt of court means the intentional "[d]isobedience of any lawful judgment, decree, order, or process of the court." RCW 7.21.010(l)(b). "Whether contempt is warranted in a particular case is a matter within the sound discretion of the trial court; unless that discretion is abused, it should not be disturbed on appeal." Trummel v. Mitchell, 156 Wn.2d 653, 671-72, 131 P.3d 305 (2006). An abuse of discretion is present if there is a clear showing that the exercise of discretion was manifestly unreasonable, or based on untenable reasons. State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Where the trial court bases its contempt finding on a court order, the order "must be strictly construed in favor of the contemnor" and acts of the contemnor "must constitute a plain violation of the order." Dep't of Ecology v. Tiger Oil Corp., 166 Wn. App. 720, 768, 271 P.3d 331 (2012). "The purpose for this rule is to protect persons from contempt proceedings based on violation of judicial decrees that are unclear or ambiguous, or fail to explain precisely what must be done." Graves v. Duerden, 51 Wn. App. 642, 647-48, 754 P.2d 1027 (1988). The moving party has the burden of proving contempt by a preponderance of the evidence. In re Marriage of James, 79 Wn. App. 436, 442, 903 P.2d 470 (1995).

## B.

Bains argued below, and the trial court agreed, that the agreed final order prohibited Taylor from "using" the domain name bainslawoffice.com—a domain name legally owned by Taylor. The trial court erred.

Nothing in the agreed final order prohibits Taylor from owning or using the domain name bainslawoffice.com.[1] To the contrary, the agreed final order prohibits Taylor from "activat[ing], updat[ing] or otherwise post[ing]" information about Bains "on a website that deceived the public into thinking it is a website" owned, operated or endorsed by Bain. The order then provides a non-exclusive list of websites that includes "bainslawoffice.com," "bainslawoffices.com" and "bainslawfirm.com." The order is silent as to Taylor's "use" or ownership of the domain name bainslawoffice.com.[2]

While Taylor did activate, update, and post information on his website "attorneyrajbainssuspension.com" these actions did not violate the plain language of the agreed final order for two reasons. First, while the order prohibits Taylor from posting on a list of websites including "bainslawoffice.com," "bainslawoffices.com" and "bainslawfirm.com," the website "attorneyrajbainssuspension.com" does not fall within this list and is not a reasonable derivation of that list. Thus, the agreed final order does not prohibit Taylor from posting on "attorneyrajbainssuspension.com."

Moreover, even if the agreed final order did prohibit Taylor from posting information on attorneyrajbainssuspension.com, the order only prohibits posting if the posts "deceived the public into thinking it is a website" owned, operated, or endorsed by Bain. The homepage for Taylor's website attorneyrajbainssuspension.com contains an

---

[1] A "domain" is a registered name, and the right to own a "website." A "website" on the other hand is the location where information related to the domain is hosted. See, e.g., What's the Difference between a Domain, Website, and Hosting?, Hover (Apr. 28, 2016), https://www.hover.com/blog/whats-the-difference-between-a-domain-name-website-and-hosting/ [https://perma.cc/7736-8XM8].

[2] As Taylor correctly points out, the website bainslawoffice.com does not exist and never has existed. As a result, Taylor has not activated, updated, or posted information on the website bainslawoffice.com.

express disclaimer stating: "This website is not authorized, endorsed, licensed, approved, recommended, published, maintained, edited or managed by Raj (Kulraj Singh) Bains or any of his affiliates, agents, or representatives." There is no evidence that the public would be deceived into thinking the website was in any way owned, operated, or endorsed by Bains.

While Taylor's actions may continue his unfortunate history of harassing Bains, we are bound to strictly construe the language of the agreed final order in Taylor's favor. Strictly construing the language of the agreed final order in favor of Taylor, we conclude that Taylor did not violate the final order by using the domain name bainslawoffice.com to direct traffic to the website attorneyrajbainsuspension.com. Dep't of Ecology, 166 Wn. App. at 768. The trial court's decision expanding the plain term of the agreed final order to prohibit Taylor's "use" of the domain name bainslawoffice.com was based on untenable grounds and an abuse of discretion. Graves, 51 Wn. App. at 648.

## C.

Bains also argued below, and the trial court agreed, that Taylor had associated the domain bainslawoffice.com with Bains's Google business listing. Taylor contends that this finding was not supported by substantial evidence. We agree.

"Findings of fact are reviewed under a substantial evidence standard, defined as a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true." Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). Here, the only evidence that Taylor had associated the domain name with Bains's directory was Bains's supposition that Taylor was the only one who would have done so. The supposition alone is insufficient to support the trial court's finding.

III.

Because we reverse the contempt order on the merits, we also reverse the trial court's award of attorney fees and costs to Bains.

The CR 2(A) agreement includes a provision for attorney fees and costs: "in the event either party is forced to move this Court for an Order enforcing this agreement as a result of the other parties' conduct, said party shall be entitled to court costs and reasonable attorney's fees." On remand, the trial court should award Taylor his attorney fees and costs incurred below and on appeal. See RAP 18.1; see also West Coast Stationary Engineers Welfare Fund v. City of Kennewick, 39 Wn. App. 466, 477, 694 P.2d 1101 (1985) ("a contractual provision for an award of attorney fees at trial supports an award of attorney fees on appeal under RAP 18.1.").

Reversed.

_____, ACJ.

WE CONCUR:

_____          _____